## COMMERCIAL STANDARD INS. CO. et al. v. STONE et al.

### No. 2286.

Court of Civil Appeals of Texas. Eastland.

Dec. 4, 1942.

Rehearing Denied Jan. 15, 1943.

J. Rob Griffin, of Fort Worth, and Mays & Perkins, of Sweetwater, for appellants.

Beall, Beall & Yonge, of Sweetwater, and A. J. Thompson, of Nacogdoches, for appellees.

GRISSOM, Justice.

J. E. and Clyde Stone, composing the partnership of J. E. Stone Lumber Company, furnished lumber to J. B. Karnes and Sons, contractors, for the construction of a church building by Karnes and Sons for the Church of Christ. A bond guaranteeing to the church the performance of the building contract by Karnes and Sons was executed by Commercial Standard Insurance Company, as surety for the contractor, Karnes. J. E. Stone et al., the materialman, filed this suit against the partners composing the firm of J. B. Karnes and Sons and the Commercial Standard Insurance Company to recover an unpaid balance for materials furnished by the Stone Lumber Company to the contractor, Karnes, for the construction of the building. The insurance company made John H. Maxwell its indemnitor in the execution of the performance bond, a defendant. Maxwell impleaded Lawyers Lloyds of Texas, Bruce Graham, and Currie McCutcheon. The plea of privilege of the last three named parties was sustained and Maxwell's cause of action as to them transferred to Dallas County. Plaintiffs also made the church a defendant and sought foreclosure of an alleged materialman's lien.

The trial was to the court. Judgment was rendered denying plaintiff foreclosure of its asserted materialman's lien against the church. Plaintiff recovered judgment for $1,392.61 against the partners of the firm of J. B. Karnes and Sons and against Commercial Standard Insurance Company. Only Commercial Standard Insurance Company and John H. Maxwell appealed. They excepted and gave notice of appeal "to that part of the judgment in favor of Plaintiffs J. E. Stone Lumber Company against the Commercial Standard Insurance Company * * *." It was agreed that if the insurance company was liable to appellees, Maxwell was liable to the insurance company. The contract between the Church of Christ and J. B. Karnes and Sons for the erection of the church building, the specifications, and the performance bond are the same instruments made the basis of our decision in Commercial Standard Insurance Company et al. v. Higginbotham-Bartlett Company et al., 164 S.W.2d 63, 66, and writ refused by the Supreme Court December 2, 1942.

The only question presented on this appeal is whether or not the provisions of such instruments give to the materialman, not a party to said performance bond and contracts, a cause of action against the surety on the contractor's performance bond. As pointed out in said prior decision, the fifth paragraph of the per-

formance bond, not necessary for the protection of the church, provided, in a paragraph separate and distinct from the defeasance clause, "if the Contractor * * * fail to duly pay for any * * * materials * * * used or consumed by such contractor * * * in performance of the work contracted to be done, the Surety will pay the same * * *." In said former opinion we held that said contract, performance bond, and said fifth paragraph of the bond in particular, clearly showed the intention of the parties thereto that the bond was made for the benefit of the materialman who furnished material used by the contractor in the construction of the building.

We have again considered this question and adhere to the conclusion previously announced. The judgment is affirmed.